## RIH MEDICAL FOUNDATION, INC.

v.

## Patricia A. NOLAN, M.D., in Her Capacity as Director of the Department of Health of the State of Rhode Island.

No. 97–433–Appeal.

Supreme Court of Rhode Island.

Jan. 15, 1999.

Justin T. Shay, Don E. Wineberg, Providence, for plaintiff.

Maureen A. Hobson, Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on appeal by the plaintiff, RIH Medical Foundation, Inc. (the Foundation) from a grant of summary judgment entered in the Superior Court in favor of the defendant, Patricia A. Nolan in her capacity as Director of the Department of Health of the State of Rhode Island (DOH), and from the denial of plaintiff's motion for declaratory judgment. The Foundation sought a ruling that since it operates as a nonprofit "organization or association" under the Rhode Island Health Care Facility Licensure Act, G.L.1956 chapter 17 of title 23, it is exempt from licensure as a health care facility. A Superior Court justice ruled that the Foundation is a health care facility subject to licensure under the provisions of § 23–17–2(5). For the reasons that follow, we vacate the judgment of the Superior Court. The facts and travel of the case insofar as pertinent to this appeal are as follows.

On December 12, 1989, the Foundation was organized under the Rhode Island Nonprofit Corporation Act, G.L.1956 chapter 6 of title 7, for the purposes of engaging in the private practice of medicine, conducting medical research, and providing teaching services to undergraduate and postgraduate medical students. The Foundation presently operates sixteen physician practice offices for the provision of medical treatment and services to the general public. Income derived from the Foundation's physician offices provides funding for its operations, including salaries for its employee/members and staff. The Foundation is wholly controlled by its physician members and their board of directors, which is composed of six physicians and one non-physician.

On January 16, 1996, the DOH notified the Foundation that upon its review of the Foundation's charter and the definition of "health care facility" as provided in the statute, it determined that the Foundation is not an organization or association composed solely of physicians and is therefore not exempt from licensure as a health care facility. Moreover, unless the Foundation immediately commenced activities necessary to secure health care facility licensure, with notice to the DOH, it would initiate actions necessary to secure compliance.

In response, the Foundation filed an action in Superior Court pursuant to G.L.1956 § 42–35–7 and G.L.1956 § 9–30–2 seeking a declaration that it was not subject to health care facility licensure and seeking injunctive relief against DOH's threatened action. On September 20, 1996, the DOH filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. On October 18, 1996, a Superior Court justice granted in part, and denied in part, DOH's motion by dismissing the Foundation's § 9–30–2 claim but upholding its right to proceed under § 42–35–7. Further, he found that there were no factual issues in dispute and the question was one of law for the court.

On April 2, 1997, the Foundation filed a motion for summary judgment, to which the DOH objected and filed a cross-motion for summary judgment. After a hearing on both motions, a second Superior Court justice entered an order denying the Foundation's motion for summary judgment and granting DOH's cross-motion. Additional facts as may be necessary to the disposition of this case will be provided below.

## Standard of Review

Given the posture of this case, the pleadings, affidavits, and other relevant documents must be viewed in the light most favorable to the parties opposing the summary judgment motions. *O'Hara v. John Hancock Mutual Life Insurance Co.*, 574 A.2d 135, 136 (R.I.1990). The moving parties will prevail only if the record reveals no genuine issues of material fact and if they are entitled to judgment as a matter of law. *Id.* In reviewing the granting of a motion for summary judgment, this Court employs the same rules and analysis as the trial justice. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996) (citing *Mallane v. Holyoke Mutual Insurance Company in Salem*, 658 A.2d 18, 19–20 (R.I.1995)). Because both of the adversary parties filed motions for summary judgment, we shall treat the relevant allegations of both parties in the most favorable light insofar as they oppose the respective motions for summary judgment. On that basis, we sustain the plaintiff's appeal and reverse the hearing justice's grant of summary judgment for the defendant.

## Plaintiff's Claims

The Foundation advances two arguments. First, it contends that exemption from health care facility licensure pursuant to the statutory language of § 23–17–2(5)[1] is appropri-

---

1. General Laws 1956 § 23–17–2(5) provides in pertinent part:

   " 'Health care facility' means any institutional health service provider, facility or institution, place, building, agency, or portion thereof, whether a partnership or corporation, whether public or private, whether organized for profit or not, used, operated, or engaged in providing health care services, including but not limited to hospitals; nursing facilities; home nursing care provider (which shall include skilled nursing services and may also include activities allowed as a home care provider); home care provider (which may include services such as personal care or homemaker services); rehabilitation centers; kidney disease treatment centers; health maintenance organizations; free-standing emergency care facilities, and facilities providing surgical treatment to patients not requiring hospitalization (surgi-centers); hospice care, and substance abuse treatment facilities. The term 'health care facility' also includes organized ambulatory care facilities which are not part of a hospital but which are organized and operated to provide health care services to outpatients such as central services facilities serving more than one health care facility or health care provider, treatment centers, diagnostic centers, rehabilitation centers, outpatient clinics, infirmaries and health centers, and neighborhood health centers; providing, however, that *the term 'health care facility' shall not apply to organized ambulatory care facilities owned and operated by professional service corporations as defined in chapter 5.1 of title 7, as amended (the 'Professional Service Corporation Law'), or to a private practitioner's (physician, dentist, or oth-*

ate because it is an "organization or association" consisting of a "group of practitioners' offices organized as a proper Rhode Island nonprofit corporation." Second, they argue that because all of the Foundation's members, officers and directors, with the exception of one nonvoting director, is a licensed physician, the Foundation is subject to comprehensive statutory regulation under G.L. 1956 chapter 37 of title 5. Thus, imposing health care facility regulation would inappropriately subject the Foundation to double regulation.

In response, the DOH contends that in defining a health care facility, the Legislature deemed it irrelevant whether a facility is operated for profit or nonprofit. Moreover, the words "partnership," "professional service corporation," "organization," and "association" as set forth in § 23–17–2(5) are all terms which modify "practitioners," making it clear that the Legislature intended that entities like the Foundation be licensed as health care facilities.

▬ The hearing justice appears to have granted defendant's motion on the basis of his belief that there is a sufficient distinction between the Foundation and a group of practicing physicians so that health care facility licensure is required. We disagree. There is no substantial difference between the Foundation and an association or group of practicing physicians. The presence of a nonvoting director changes nothing as to governance.

▬ "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings ." *State v. DiCicco,* 707 A.2d 251, 253 (R.I.1998) (quoting *Accent Store Design, Inc.,* 674 A.2d at 1226). When confronted with an unambiguous statute, we must apply the statute as written. 707 A.2d at 253. Moreover, when confronted with an unclear or ambiguous statute, there is room for statutory construction and we examine the statute in its entirety in order to "glean the intent and purpose

of the Legislature." *In re Advisory to the Governor,* 668 A.2d 1246, 1248 (R.I.1996). In so doing, "[t]his court will not construe a statute to reach an absurd result." *Kaya v. Partington,* 681 A.2d 256, 261 (R.I.1996) (citing *Beaudoin v. Petit,* 122 R.I. 469, 476, 409 A.2d 536, 540 (1979)).

▬ A reading of § 23–17–2(5) reveals that "the term 'health care facility' shall not apply to *** a private practitioner's (physician, dentist, or other health care provider) office or group of the practitioners' offices (whether owned and/or operated by an individual practitioner, alone or as a member of a partnership, professional service corporation, organization, or association)." We are of the opinion that the essence of the construction urged by the Foundation is correct. The article "the" and the plural possessive of "practitioner" dictates that all which follows ("whether owned and/or operated by an individual practitioner, alone or as a member of a partnership, professional service corporation, organization, or association") comprises practitioners licensed and regulated pursuant to chapter 37 of title 5. It is clear that the Legislature intended to exempt such private or group practitioners' offices from "health care facility" licensure. We are mindful that DOH's interpretation of the statute is entitled to great deference. *Parkway Towers Associates v. Godfrey,* 688 A.2d 1289, 1293 (R.I.1997) (administrative interpretation is entitled to great deference especially when it is consistent with the overall purposes of the Legislature). However, we disagree that the Foundation's governing structure takes it outside of the statutory exemption. DOH may not amend the statute by interpretation.

The Foundation's operation is controlled entirely by licensed physicians. The mere presence of a nonvoting non-physician director on the board does not defeat the Foundation's status as a group of physician practitioners' offices, nor does it suggest that control of the delivery of medical services is relinquished to unlicensed persons. Since the Foundation is exempt from health care

er health care provider) office or group of practitioners' offices (whether owned and/or operated by an individual practitioner, alone or as a

member of a partnership, professional service corporation, organization, or association)." (Emphasis added.)

facility licensure, it was entitled to judgment as a matter of law.

For the foregoing reasons, the plaintiff's appeal is sustained, the entry of summary judgment in favor of the defendant is vacated, and the case is remanded to the Superior Court with direction to enter summary judgment in favor of the Foundation.