Michael **DUBIS**

v.

**EAST GREENWICH FIRE DISTRICT.**

No. 99–131–Appeal.

Supreme Court of Rhode Island.

June 26, 2000.

Jeffrey S. Michaelson, Providence, Julius C. Michaelson, for plaintiff.

Scott T. Spear, Edmund L. Alves, Jr., Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Michael Dubis, appeals from the entry of a cross-motion for summary judgment in favor of the defendant, the East Greenwich Fire District (fire district), and from the denial of his own motion for summary judgment. At issue in this case is the proper method for calculating the cost-of-living allowance (COLA) benefits pursuant to an agreement between the plaintiff and the fire district. The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that no such cause has been shown, and we proceed to resolve the appeal at this time.

On August 21, 1991, Michael Dubis (the plaintiff), a former firefighter employed by the fire district, was exposed to carbon monoxide gas, suffering a work-related injury as a result. In 1995, because of a physical disability resulting from his exposure to the carbon monoxide gas, he applied for a disability pension with the Rhode Island state employees' retirement system. The application was made pursuant to a provision in the collective bargain-

ing agreement then in effect between the fire district and the East Greenwich Fire Fighters Local 3328, International Association of Fire Fighters, AFL–CIO. On May 30, 1995, he terminated his employment with the fire district pursuant to a written agreement with the fire district that provided:

"Assuming the Employees' Retirement System does not contain a C.O.L.A., the District shall pay a 2½ percent C.O.L.A. using as the base the disability pension amount received by Dubis. Said C.O.L.A. shall be compounded and shall commence upon the completion of the first years [sic] receipt of benefits by said Dubis[.]"

The plaintiff received a $25,176.00 disability pension from the state employees' retirement system. The above agreement provision automatically became effective because the state disability pension did not provide for a COLA. Thus, as required by the agreement, the fire district paid an additional $629.40 in COLA benefits to the plaintiff in the second year by using the first-year state pension amount as its base. The following year, rather than using as its base the entire pension from the previous year to calculate the COLA benefit, the fire district used only the previous year's COLA benefit; consequently, the plaintiff received a COLA payment of only $645.14, a mere $15.74 increase over that of the preceding year.

The plaintiff commenced this civil action against the fire district alleging a breach of his contract with the fire district. In addition, he sought a declaratory judgment on the method for calculating his COLA benefit. He then filed a motion for summary judgment. The fire district, contending that it was required to compound only the actual COLA benefits, responded by filing a cross-motion for summary judgment. The trial justice granted the fire district's motion and denied the plaintiff's motion. The plaintiff appeals.

■ In this case, both parties moved for summary judgment. Because the facts were not in dispute and there existed no genuine issues of material fact, we review the record to determine whether either party was entitled to a judgment as a matter of law. See RIH Medical Foundation, Inc. v. Nolan, 723 A.2d 1123, 1125 (R.I.1999).

■ "Contract interpretation is a question of law; it is only when the contract terms are ambiguous that construction of terms becomes a question of fact." Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill, 652 A.2d 440, 443 (R.I.1994) (citing Judd Realty, Inc. v. Tedesco, 400 A.2d 952 (R.I.1979)). We have stated previously that "a contract is ambiguous if it is 'reasonably susceptible of different constructions.'" Donelan v. Donelan, 741 A.2d 268, 270 (R.I.1999) (per curiam) (quoting Flynn v. Flynn, 615 A.2d 119, 121 (R.I. 1992), Vickers Antone v. Vickers, 610 A.2d 120, 123 (R.I.1992), and Westinghouse Broadcasting Co. v. Dial Media, Inc., 122 R.I. 571, 579, 410 A.2d 986, 991 (1980)). In the present case, the trial justice found the disputed COLA provision to be unambiguous. We agree, but conclude that she misinterpreted the agreement.

■ "Unless plain and unambiguous intent to the contrary is manifested, words used in contract language are assigned their ordinary meaning." Cerilli v. Newport Offshore, Ltd., 612 A.2d 35, 37–38 (R.I.1992). Black's law dictionary defines a cost of living clause in a contract as a "provision * * * that gives an automatic wage, rent, or benefit increase tied in some way to cost-of-living rises in the economy." Black's Law Dictionary, 351 (7th ed.1999). The agreement at issue clearly states that the 2 ½ percent COLA shall be calculated using the state disability pension as its base and requires that it subsequently be compounded. It is clear that the most reasonable way that this compounded COLA could be tied to cost-of-living rises in the economy is for it to be calculated using the entire pension benefit of the previous year as a base, including the pre-

vious year's COLA. To construe this unambiguous contract any other way would not give the COLA provision its ordinary meaning and would produce an absurd result.

For the foregoing reasons, we sustain the plaintiff's appeal, vacate the summary judgment entered for the defendant and direct the Superior Court to enter summary judgment in favor of the plaintiff. The papers in this case are remanded to the Superior Court.