**Susan J. FERREIRA**

v.

**Kenneth A. MELLO, Jr., et al.**

**No. 2001–154–APPEAL.**

Supreme Court of Rhode Island.

Dec. 20, 2002.

Peter A. Clarkin, for Plaintiff.

John W. Kershaw, Robert J. Quigley, Jr., and Mark P. Dolan, Providence, for Defendant.

Before WILLIAMS, C.J., and LEDERBERG, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on October 29, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

On December 4, 1997, the plaintiff, Susan J. Ferreira (Ferreira or plaintiff), was involved in a motor vehicle collision with the defendant, David B. Godbout (Godbout), and suffered personal injuries. The defendant, an insured of Progressive Insurance Company (Progressive), with coverage limits of $100,000 per person and $300,000 per accident, was operating a vehicle owned by Kenneth A. Mello, Jr. (Mello). Mello was insured by Holyoke Mutual Insurance Company (Holyoke), with policy limits of $50,000 per person and $100,000 per accident. The plaintiff brought suit, and the claims against Godbout and Mello were jointly settled by Progressive and Holyoke (the carriers), for a total of $100,000; each insurer contributed $50,000 towards the settlement. The carriers agreed to the settlement but retained their respective rights to litigate the issue of whether the Progressive policy was "excess" to the Holyoke policy or whether the policies should be allocated proportionately on a "pro rata" basis.

Before Ferreira's claim was resolved, Holyoke demanded that Progressive contribute its share of the $100,000 settlement on a pro rata basis; however, Progressive refused to acknowledge this demand. Ultimately, the carriers each contributed $50,000 toward the settlement and, with the acquiescence of the trial justice, remained named defendants/cross-claimants for resolution of the coverage dispute. The carriers filed cross-claims seeking contribution and an allocation of their respective responsibility to pay the settlement. The trial justice agreed to treat the cross-claims "as though they had been filed in a[d]eclaratory [j]udgment [a]ction and to submit the coverage issue to the [Superior] Court on an agreed statement of facts for decision on cross-motions for summary judgment."

Finding that the policies contained competing other-insurance clauses, thereby requiring contribution on a pro rata basis, the trial justice granted in part and denied in part Holyoke's requested relief. However, she also determined that pursuant to the state's compulsory insurance requirements, the responsibility for the minimum amount of compulsory insurance, the first $25,000, fell upon the insurer for the vehicle's owner. The trial justice determined that Holyoke, as the insurer of the vehicle's owner, was responsible for the first $25,000 of liability, reasoning that G.L.1956 § 31–47–3.1 prohibits the registration of a motor vehicle in this state unless the vehicle is insured for the statutory minimum liability coverage requirement of $25,000 per person and $50,000 per accident, thus rendering Holyoke liable for the first $25,000. *See* G.L.1956 § 31–32–24; § 31–47–2(13)(i)(A). Both Holyoke and Progressive have appealed.

Before this Court, Holyoke argued that in accordance with this Court's decision in *Hindson v. Allstate Insurance Co.*, 694 A.2d 682 (R.I.1997), it was liable for a "pro rata" share of the settlement payment to plaintiff notwithstanding that it was the carrier for the vehicle's owner. In *Hindson*, we had occasion to address other insurance clauses involving uninsured/underinsured motorist benefits and held that in circumstances involving multiple insurance policies with provisions that purport to limit or eliminate coverage if other insurance is available, the policies will be applied on a pro rata basis irrespective of any language in the policy to the contrary. Holyoke argues that this Court intended to broadly apply the rule announced in *Hindson* to all insurance coverage disputes. Holyoke also relies on *Brown v. Travelers Insurance Co.*, 610 A.2d 127 (R.I.1992), to support its contention that when conflicting other insurance policies exist, coverage

should apply on a pro rata basis. Holyoke also argued that, in addition to Hindson, § 31–32–24(i) specifically permits insurance companies to request the proration of insurance coverage, stating that "[a]ny motor vehicle liability policy may provide for the prorating of the insurance it provides with other valid and collectible insurance." This statute is not relevant to the issues before the Court because neither policy provided for the proration of liability.

Progressive, on the other hand, contends that *Hindson* is distinguishable from the case now before the Court; and, as the insurer of the vehicle operator, its coverage is excess to the coverage for the vehicle owner, Holyoke's insured. As for the other insurance clauses, Progressive notes that the respective policies are identical and each policy provides that insurance coverage for a non-owned vehicle shall be "excess" over other applicable coverage. Progressive argues that the trial justice erred in finding that the policies contained competing other insurance clauses and by ordering the companies to apportion the settlement on a pro rata basis.

In *Hindson*, this Court was confronted with two insurance policies that contained underinsured motorist provisions that purported to limit the insurer's liability if other insurance was available. We adopted a rule requiring the pro rata apportionment of liability among the insurers in accordance with the limits of the respective policies. We held that when "an insurance policy would provide primary coverage to an insured if it were the only applicable policy," the liability of all insurers is to be prorated based on the amount of each respective policy. *Hindson*, 694 A.2d at 685. In *Brown*, we were confronted with policy provisions that were irreconcilable. The policies at issue in *Brown* contained conflicting "escape" clauses and "excess" insurance provisions in which the language in each policy amounted to a disclaimer of liability. We nullified those provisions and promulgated a rule requiring that both insurers afford pro rata liability coverage. *Brown*, 610 A.2d at 130.

Our review of the policies at issue in this case leads us to conclude that unlike the insurance provisions in *Hindson* and *Brown*, these policies do not conflict in any material manner such that a pro rata apportionment rule should obtain. Specifically, Holyoke's other insurance clause provided that if there is other applicable liability insurance, "we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance." Progressive's other insurance clause declared that "[i]f there is other applicable liability insurance, * * * we will pay only our share of the damages. Our share is the proportion that our Limit of Liability bears to the total of all applicable limits. Any insurance we provide for a non owned vehicle will be excess over any other collectible insurance, self-insurance, or bond."

■ The other insurance clauses in these policies are essentially the same; each policy provides that the owner's carrier is the primary insurer and that coverage for a non owned vehicle is excess insurance. Consequently, where the respective clauses are in agreement there is no reason to deviate from the terms of the policies, each carrier receives that which it bargained for in the policy as written. In this situation, the language of the policies is controlling and should be followed. In this case the policies at issue provide that the owner's insurance is primary and a non owner operator's coverage is excess. We reject Holyoke's contention that *Hindson* controls the outcome in this case; we do

**1178**

not read *Hindson* to apply to any and all multiple insurance coverage disputes, particularly when, as here, the policy language is identical.

■ Therefore, we conclude that the trial justice erred in declaring that Holyoke was responsible for the first $25,000 of the injured party's claim based on the state's compulsory insurance statute and in ordering the companies to apportion the rest of the settlement on a pro rata basis. This Court will not resort to a pro rata rule when the insurance policies do not conflict. Both the Holyoke and Progressive policies provide that the insurer of the owner's vehicle is the primary insurer and further provide that the driver's policy is considered excess insurance. Consequently, Holyoke, as the insurer for the vehicle's owner, is the primary insurer and the driver's insurance policy, issued by Progressive, is considered excess insurance. Thus, as the insurer for the owner, Holyoke was responsible for the policy limits and Progressive was liable for payment of the excess.[1]

Accordingly, for the reasons set forth herein, the appeal of the defendant and cross-claimant Holyoke is sustained in part and denied in part, and the judgment is affirmed in part and vacated in part. The appeal of the defendant and cross-claimant Progressive is denied and dismissed. The papers in this case may be remanded to the Superior Court.

---

1. Given the settlement amount of $100,000 and the $50,000 limit of the Holyoke policy, the monetary result in this case is the same: each insurer paid $50,000, an amount that represents the limits of Holyoke's policy, with the excess, $50,000, paid by Progressive.