**IRENE REALTY CORP. et al.**

v.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA.**

No. 2008–147–Appeal.

Supreme Court of Rhode Island.

June 5, 2009.

Michael T. Sullivan, Esq., for Plaintiff.

Michael R. DeLuca, Esq., Providence, for Defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## OPINION

Justice ROBINSON for the Court.

The plaintiffs, Irene Realty Corporation (Irene Realty) and American Empire Surplus Lines Insurance Company (American Empire), appeal from the Superior Court's entry of summary judgment in favor of the defendant, Travelers Property Casualty Company of America (Travelers).

This case came before the Supreme Court on February 3, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the case should be decided at this time.

For the reasons set forth below, we deny plaintiffs' appeal and affirm the Su-

perior Court's grant of summary judgment.

## I

### Facts and Travel

Irene Realty owns commercial real estate located at 31 Privet Street in Pawtucket, Rhode Island, which real estate it leased to Emblem & Badge, Inc. (Emblem & Badge).[1] At the time of the accident discussed below, Irene Realty was insured by American Empire, while Emblem & Badge was insured by Travelers. The scope of the coverage of these insurance policies is the main issue in the case at bar.

On or about May 16, 2005, an employee of Emblem & Badge was injured in the course of his employment. In a separate action filed by Emblem & Badge's employee against Irene Realty, the employee alleged that Irene Realty caused the accident by negligently installing or maintaining an exterior ladder from which he fell. The insurer of Irene Realty, American Empire, has been providing a defense to Irene Realty in this tort action.

The plaintiffs (Irene Realty and American Empire) commenced a declaratory judgment action in the Superior Court for Providence County on October 12, 2007. They alleged that American Empire's policy is in excess of the Travelers policy, and they contended that Travelers should be required to assume the primary insurance coverage with respect to the employee's case—including the ongoing defense and the indemnification of Irene Realty, if necessary; they further alleged that Travelers should also be required to reimburse American Empire for all of its expenditures to date. In the alternative, plaintiffs proposed that Travelers should at least be

---

1. The terms of the lease agreement were set forth in a "Letter of Agreement" that was

entered into by Emblem & Badge and Irene Realty on August 10, 2004.

required to share equally the primary insurance obligations.

## A

### The Language of the Insurance Policies at Issue

Both insurance polices at issue contain "other insurance" clauses; in general, those clauses limit coverage to excess coverage when the insured is covered by another policy providing primary insurance coverage. These clauses are central to the issues in the present case.

The American Empire policy issued to Irene Realty contains an "Other Insurance" section in part 4 of section IV; that provision reads in pertinent part as follows:

"a. Primary Insurance

"This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

"b. Excess Insurance

"This insurance is excess over:

" * * *

"(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."

The Travelers insurance policy issued to Emblem & Badge includes a "Manufacturers and Wholesalers Xtend Endorsement;" part F thereof provides in pertinent part as follows:

"WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization (referred to below as additional insured) with whom you have agreed in a written contract, executed prior to loss, to name as an additional insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of any premises leased to you, subject to the following provisions:

" * * *

"3. The insurance afforded to the additional insured is excess over any valid and collectible insurance available to such additional insured, unless you have agreed in a written contract for this insurance to apply on a primary or contributory basis."

Pursuant to the August 2004 letter of agreement between Irene Realty and Emblem & Badge, Emblem & Badge was to "provide to Landlord evidence of insurance coverage with at least $500,000 limits for Commercial General Liability insurance for both property damage and bodily injury [and] * * * add the Landlord as an Additional Insured on Tenant's insurance policies."

## B

### The Granting of Defendant's Motion for Summary Judgment

In December of 2007, plaintiffs filed a motion for summary judgment that was based upon this Court's holding in *Ferreira v. Mello*, 811 A.2d 1175 (R.I.2002). The defendant Travelers thereafter filed a cross-motion for summary judgment, and both motions were heard on March 4, 2008. At the summary judgment hearing, the hearing justice found that the language of the Travelers policy was clear and unambiguous; she stated in pertinent part as follows:

"Travelers agreed to stand as primary only if the insured, Emblem, had already agreed in a written contract that this Travelers insurance would apply on a primary or contributory basis. Be-

cause there is no evidence that Irene and Empire did, in fact, come to such an agreement, the coverage Travelers affords is necessarily excess, not primary. The Travelers policy language is plain."

The hearing justice found that the insurance policies did not conflict with each other. The hearing justice also noted that the August 2004 letter agreement between Irene Realty and Emblem & Badge "did not contain the words 'primary' or 'contributory' and, on its face, did not prohibit Emblem from providing excess coverage for Irene." The hearing justice also pointed out that plaintiffs had not come forward with any admissible evidence to demonstrate a genuine dispute over whether the parties intended any different result.

The hearing justice denied plaintiffs' motion for summary judgment and granted defendant's cross-motion. Judgment was entered on March 31, 2008; the court declared that the "[c]overage provided by Defendant Travelers' Insurance policy, and its endorsements, issued by Travelers to Emblem & Badge, is excess to the coverage provided by the American Empire policy, which is primary." The plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs argue (1) that the hearing justice erred in deciding that American Empire is Irene Realty's sole primary insurer and (2) that, if the hearing justice did commit reversible error, then she should have held that Travelers and American Empire shared primary coverage or, in the alternative, should have held that Travelers was the sole primary insurer.

## II

## Analysis

### A

### Standard of Review

When this Court reviews the granting of a motion for summary judgment, it

does so in a *de novo* manner, and it applies the same standards and rules as did the hearing justice. *Planned Environments Management Corp. v. Robert*, 966 A.2d 117, 121 (R.I.2009); *Carrozza v. Voccola*, 962 A.2d 73, 76 (R.I.2009); *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 391 (R.I. 2008); *see also Cruz v. City of Providence*, 908 A.2d 405, 406 (R.I.2006); *Andreoni v. Ainsworth*, 898 A.2d 1240, 1241 (R.I.2006).

In conducting such a review, this Court must consider the "admissible evidence in the light most favorable to the nonmoving party." *Cullen v. Lincoln Town Council*, 960 A.2d 246, 248 (R.I.2008) (internal quotation marks omitted). The party who opposes the motion "bears the burden of proving, by competent evidence, the existence of facts in dispute" and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions. *Id.; see also Carrozza*, 962 A.2d at 76.

Once having conducted the review referred to in the previous paragraph, we will affirm the grant of summary judgment "if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I.2009).

### B

### The Precedents at Issue

The plaintiffs contend that, in view of this Court's holdings in both *Hindson v. Allstate Insurance Co.*, 694 A.2d 682 (R.I. 1997), and *Ferreira v. Mello*, 811 A.2d 1175 (R.I., 2002), the hearing justice erred in interpreting the pertinent insurance policy provisions. Since the *Hindson* and *Ferreira* cases are at the center of the dispute

in the instant case, we shall briefly summarize them before proceeding further.

In *Hindson,* 694 A.2d at 683, the injured party sought underinsured motorist coverage from two carriers—his own personal insurance carrier (Allstate) and the carrier that insured the vehicle in which he was riding (Penn General). The Allstate policy provided that its coverage was excess if the insured was injured while in a vehicle which was insured under another policy. The Penn General policy provided that, if other similar insurance was available, Penn General would pay only its proportionate share of the loss. This Court held that *pro rata* coverage would constitute the proper manner in which to resolve this type of conflicting other-insurance clause dispute. *Id.* at 685.

In *Ferreira,* 811 A.2d at 1177–78, this Court determined that two different other-insurance clauses were not actually in conflict with each other and that, therefore, it was unnecessary to resort to a *pro rata* approach. In that case, the plaintiff was injured in a collision with a vehicle operated by one defendant and owned by another defendant. The language in both defendants' policies was essentially the same, and each provided that the vehicle owner's carrier was the primary insurer and that coverage for a non-owned vehicle was excess insurance. *Id.* This Court held that "where the respective clauses are in agreement there is no reason to deviate from the terms of the policies * * *." *Id.* at 1177. Because the policies at issue were in harmony, the *pro rata* approach articulated in *Hindson* did not apply.

## C

## Interpretation of the Insurance Policies at Issue

 Whether a particular contract is or is not ambiguous is a question of law. *Gorman v. Gorman,* 883 A.2d 732, 738 n. 8 (R.I.2005) ("It is a fundamental principle of contract law that the existence of ambiguity *vel non* in a contract is an issue of law to be determined by the court."); *Rotelli v. Catanzaro,* 686 A.2d 91, 94 (R.I.1996) ("Whether the terms of a contract are clear and unambiguous is itself a question of law * * *."); *see also Merrimack Mutual Fire Insurance Co. v. Dufault,* 958 A.2d 620, 625 (R.I.2008).[2] Accordingly, a trial court's ruling as to that issue is reviewed by this Court on a *de novo* basis. *Zarrella v. Minnesota Mutual Life Insurance Co.,* 824 A.2d 1249, 1259 (R.I.2003) ("[T]his Court reviews the trial justice's interpretation of contracts *de novo.*").

 When a contract is determined to be clear and unambiguous, "the meaning of its terms constitutes a question of law for the court * * *." *Cassidy v. Springfield Life Insurance Co.,* 106 R.I. 615, 619, 262 A.2d 378, 380 (1970); *see also Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill,* 652 A.2d 440, 443 (R.I.1994).[3]

 In determining whether or not a particular contract is ambiguous, the court should read the contract "in its entirety, giving words their plain, ordinary, and usual meaning." *Mallane v. Holyoke Mutual Insurance Company in Salem,* 658

2. A contract is ambiguous when it is "reasonably susceptible of different constructions." *Westinghouse Broadcasting Co., Inc. v. Dial Media, Inc.,* 122 R.I. 571, 579, 410 A.2d 986, 991 (1980); *see also Dubis v. East Greenwich Fire District,* 754 A.2d 98, 100 (R.I.2000); *Flynn v. Flynn,* 615 A.2d 119, 121 (R.I.1992).

3. By contrast, when there is ambiguity in the contractual language, then construction of the terms becomes an issue of fact. *See Dubis,* 754 A.2d at 100; *see also Clark–Fitzpatrick, Inc./ Franki Foundation Co. v. Gill,* 652 A.2d 440, 443 (R.I.1994); *Judd Realty, Inc. v. Tedesco,* 400 A.2d 952, 955 (R.I.1979).

A.2d 18, 20 (R.I.1995); *see also Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 37–38 (R.I.1992) ("Unless plain and unambiguous intent to the contrary is manifested, words used in contract language are assigned their ordinary meaning."). And, while carrying out this task, the court should "refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity * * * where none is present." *Mallane*, 658 A.2d at 20; *see also Garden City Treatment Center, Inc. v. Coordinated Health Partners, Inc.*, 852 A.2d 535, 542 (R.I.2004); *Aetna Casualty & Surety Co. v. Sullivan*, 633 A.2d 684, 686 (R.I.1993); *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 762 (R.I.1990).

▮ It is true that both insurance policies in the instant case contain "other insurance" clauses. This fact alone, however, does not mandate the use of the *pro rata* approach discussed in *Hindson*. As the Court articulated in *Ferreira*, 811 A.2d at 1177, the *pro rata* rule regarding apportionment of liability should be resorted to only if the two insurance policies at issue are *actually in conflict.*

The hearing justice in this case determined that the language of both policies is plain and unambiguous and that the policies do not conflict with each other. We are in full agreement. The pertinent portion of the Travelers "XTend Endorsement" provides that the "insurance afforded to the additional insured is excess over any valid and collectible insurance available to such additional insured, unless you have agreed in a written contract for this insurance to apply on a primary or contributory basis." The lease between Emblem & Badge and Irene Realty provides that Emblem & Badge will provide evidence of insurance coverage to Irene Realty and will also add Irene Realty as an additional insured on Emblem & Badge's insurance policies. There was no written agreement that referred to or promised that the coverage under this policy would be primary.

Further, this Court has repeatedly held that language in contracts and insurance policies must be given its plain and ordinary meaning. *See, e.g., Mallane*, 658 A.2d at 20; *Cerilli*, 612 A.2d at 37–38. The defendant contends that, although both policies contain "other insurance" clauses which purport to limit coverage to excess coverage when the insured is covered by another policy providing primary coverage, those clauses are in complete harmony. *See, e.g., Ferreira*, 811 A.2d at 1177. We agree.

The American Empire policy provides that its insurance for Irene Realty is primary unless any other applicable insurance is primary.

The Travelers policy provides that its coverage of Irene Realty as an additional insured is excess unless the parties have agreed in writing for the insurance to be primary. The plain and simple fact is that no such writing exists.

Accordingly, the hearing justice properly granted the defendant's motion for summary judgment.

### III

### Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment. The papers in this case may be remanded to that court.