**BEACON MUTUAL INSURANCE COMPANY**

v.

**SPINO BROTHERS, INC.**

No. 2009–129–Appeal.

Supreme Court of Rhode Island.

Jan. 18, 2011.

John F. Kelleher, Esq., Providence, for Plaintiff.

Raymond A. LaFazia, Esq., Warwick, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

The defendant, Spino Brothers, Inc. (Spino Bros. or defendant), appeals from a Superior Court grant of summary judgment in favor of the plaintiff, Beacon Mutual Insurance Co. (Beacon or plaintiff). The defendant argues that as a subcontractor it is not liable under an indemnification agreement to its general contractor for whom it performed masonry work, and further, that if it is found responsible, the plaintiff, as its insurer, is required to in-

demnify the defendant under the policy of insurance. The trial justice, having determined that the defendant failed to produce evidence demonstrating a material issue of fact on either issue, granted summary judgment in favor of the plaintiff. For the reasons set forth below, we affirm the judgment of the Superior Court.

### Facts and Travel

The underlying facts of this case are set forth in *Rodrigues v. DePasquale Building and Realty Co.*, 926 A.2d 616 (R.I. 2007) and therefore, need only be discussed summarily in this opinion. DePasquale Building and Realty Co. (DePasquale) was retained by the City of Central Falls as its general contractor on a construction project. *Id.* at 617. DePasquale in turn hired Spino Bros. as its masonry subcontractor. *Id.* Before the project was completed, Spino Bros.' lead mason fell to his death, a work-related tragedy that spawned a plethora of litigation. *Id.* at 618. Estella Rodrigues (Mrs. Rodrigues), the widow of the deceased worker, sued DePasquale for wrongful death and negligence, an action that prompted DePasquale to seek indemnification from Spino Bros. for money it might owe Mrs. Rodrigues. *Id.* at 620. The indemnification claim was severed from the underlying negligence action, which then was settled between DePasquale and Mrs. Rodrigues. *Id.* Thereafter, the indemnification claim between DePasquale and Spino Bros. was tried to a jury, and culminated in a finding that neither party was negligent. *Id.* at 621. Both sides moved for judgment, and the trial justice entered judgment for Spino Bros., finding that the indemnification contract between Spino Bros. and DePasquale was void. *Id.* DePasquale's mo-

tion for a new trial was granted, and the parties cross-appealed to this Court. *Id.* at 621–22. On appeal, this Court held that, in accordance with the governing contract between the parties, Spino Bros. was required to indemnify DePasquale. *Id.* at 624. The relevant provisions of the contract between Spino Bros. and DePasquale provided that Spino Bros.:

> "[S]hall indemnify and save harmless [DePasquale] * * * against loss or expense by reason of any liability imposed by law upon [DePasquale] for damage because of bodily injuries, including death, at any time resulting to any persons or on account of damages to property arising out of or in consequence of the performance of this work, whether such injuries to persons or damage to property are due or claimed to be due to any negligence, of [Spino Bros.], the Owner, [DePasquale], Architect, or their employees or agents or any other person." *Rodrigues,* 926 A.2d at 618 (quoting contract).

In making our determination, we declared that the portion of the contract that would require Spino Bros. to indemnify DePasquale for DePasquale's own negligence was contrary to public policy and therefore was void. *Id.* at 624. We further held, however, that this did not render the entire contract void, thus making Spino Bros. contractually liable to DePasquale, unless DePasquale's negligence was the proximate cause of the death.[1] *Id.* at 623. Because the jury found that DePasquale was not negligent, we declared that Spino Bros. was required to indemnify DePasquale for money paid to Mrs. Rodrigues, regardless of its own negligence, or lack of negligence. *Id.* at 624.

---

1. We noted that "[a]lthough the contractual indemnification agreement may have been unwise, it clearly provides for wide-ranging indemnifications by Spino Bros." *Rodrigues v. DePasquale Building and Realty Co.,* 926 A.2d 616, 624 (R.I.2007).

Wasting little time, Beacon, defendant's insurer, filed a declaratory-judgment action in Superior Court seeking an adjudication that it had no duty to indemnify Spino Bros. for any contractual liability to DePasquale. Beacon alleged that the workers' compensation and liability policy between Spino Bros. and Beacon (the policy) contained certain coverage exclusions, including an exclusion for any contractual liability to DePasquale. Specifically, part C of the policy, entitled "Exclusions" states that "[t]his Part Two does not cover: liability assumed under a contract." Beacon argued that because Spino Bros.' liability to DePasquale was entirely contractual, the aforementioned policy exclusion was operable, thus depriving Spino Bros. of the right to seek indemnification from Beacon.

Beacon's motion for summary judgment initially was denied by a Superior Court magistrate, but during a *de novo* review of the magistrate's decision, in accordance with G.L.1956 § 8–2–11.1(d),[2] the trial justice reversed the decision of the magistrate, holding that Spino Bros. had failed to produce any evidence that would establish DePasquale's negligence. The trial justice noted our holding "that DePasquale was not negligent on these facts, and that Spino owes DePasquale a contractual duty to indemnify DePasquale[.]" He also found that Spino Bros. had failed to introduce evidence disputing that its contract with Beacon excluded coverage for liability arising under a contract between Spino and another entity.

Before this Court, Spino Bros. appears to raise two arguments.[3] First, it contends that based on the jury's finding that it was not negligent, Spino Bros. was not required to indemnify DePasquale. Second, Spino Bros. suggests that the policy exclusion for liability assumed by contract does not apply here because it did not assume any contractual liability to DePasquale.

### Standards of Review

 It is well established that this Court reviews a trial justice's grant of summary judgment *de novo*. *Sansone v. Morton Machine Works, Inc.*, 957 A.2d 386, 393 (R.I.2008) (citing *National Refrigeration, Inc. v. Travelers Indemnity Co. of America*, 947 A.2d 906, 909 (R.I.2008)). "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." *National Refrigeration, Inc.*, 947 A.2d at 909 (quoting *Smiler v. Napolitano*, 911 A.2d 1035, 1038 (R.I.2006)).

 Additionally, whether a contract is clear and unambiguous is a question of law. *Irene Realty Corp. v. Travelers Property Casualty Co. of America*, 973 A.2d 1118, 1122 (R.I.2009) (citing *Gorman v. Gorman*, 883 A.2d 732, 738 n. 8 (R.I.

2. General Laws 1956 § 8–2–11.1(d) provides: "A party aggrieved by an order entered by the administrator/magistrate shall be entitled to a review of the order by a justice of the superior court. Unless otherwise provided in the rules of procedure of the court, the review shall be on the record and appellate in nature. The court shall, by rules of procedure, establish procedures for review of orders entered by the administrator/mag- istrate, and for enforcement of contempt adjudications of the administrator/magistrate."

3. Spino Bros. attributed much of its briefs to issues that relate to the 2007 case; however, upon reviewing its briefs and hearing its arguments, we address the two issues that pertain to the instant case and that clearly were briefed and argued before us.

2005)). This Court reviews a trial justice's conclusions on questions of law *de novo*. *International Brotherhood of Police Officers v. City of East Providence*, 989 A.2d 106, 108 (R.I.2010). Accordingly, we review a trial justice's interpretation of a contract *de novo*. *Irene Realty Corp.*, 973 A.2d at 1122 (citing *Zarrella v. Minnesota Mutual Life Insurance Co.*, 824 A.2d 1249, 1259 (R.I.2003)).

## Analysis

### I

### Liability to DePasquale

◼ Spino Bros. devotes much of its argument to its contention that because the jury found it was not negligent with respect to the fatal accident, and that because it was not liable for DePasquale's negligence, summary judgment was erroneously granted. In essence, Spino Bros. seeks to relitigate the very issues that were before this Court in *Rodrigues*. In that case, we explicitly held that Spino Bros.' negligence, or lack thereof, was of no consequence to whether it was legally bound to indemnify DePasquale, in accordance with the express provisions in the contract between them:

> "Under the contract's clear terms * * * Spino Bros. agreed to indemnify De-Pasquale * * * 'for any and all claims of any nature,' not just those claims arising out of Spino Bros.' negligence. Therefore, when the jury returned a verdict exculpating DePasquale * * * of negligence, judgment should have entered in DePasquale['s] * * * favor, requiring Spino Bros., pursuant to the agreed-upon contract terms, to fully indemnify

DePasquale * * *." *Rodrigues*, 926 A.2d at 624.

This controversy has been extensively litigated, both at the trial level and then before us on appeal, and we will not revisit those issues. The case before us is not about negligence—by Spino Bros. or DePasquale—nor is it about the contract between those parties. Having already determined that Spino Bros. was contractually liable to DePasquale, the only issue before this Court is how that contractual liability has an impact on the coverage Beacon is required to provide under the insurance policy.[4]

### II

### The Beacon Policy

◼ We now consider the sole issue before this Court: whether under the policy language Beacon must pay Spino Bros. for its indemnification of DePasquale. "It is well established that this [C]ourt applies the rules for construction of contracts when interpreting an insurance policy and that we shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 425 (R.I.2009) (quoting *Mallane v. Holyoke Mutual Insurance Co. in Salem*, 658 A.2d 18, 20 (R.I.1995)). In making our determination as to whether it is ambiguous "we read the policy in its entirety, giving words their plain, ordinary, and usual meaning[.]" *Id.* "We refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present." *Id.*

4. Spino Bros. suggests that this Court may allow a party to reargue a case under Article I, Rule 25 of the Supreme Court Rules of Appellate Procedure. Spino Bros.' reliance on this rule is misplaced. Rule 25(a) permits a party to petition for reargument in this Court *"within 10 days after filing of the decision."* (Emphasis added.) This Court decided *Rodrigues* on June 22, 2007. Clearly, the time during which Spino Bros. could have petitioned for this Court to rehear the case has elapsed.

Part Two of the policy entitled "Employers' Liability Insurance" is divided into eight subsections; the exclusions portion specifically declares that the policy does not cover "liability assumed under a contract." This provision is unambiguous. After reading the policy as a whole and according the language its ordinary meaning, it is clear to us that Beacon's responsibility under the insurance contract does not include liability arising from a contract between its insured and a third party. Thus, because Spino Bros.' liability to DePasquale exclusively stemmed from the contract executed between them (*Rodrigues*, 926 A.2d at 624), and coverage for that eventuality specifically is excluded from the insurance policy, Beacon was entitled to a declaration to that effect. Accordingly, we affirm the trial justice's grant of summary judgment in favor of Beacon.

## Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.

Justice ROBINSON did not participate.