**Supreme Court**
No. 2012-128-Appeal.
(KC 91-209)

Piccoli & Sons, Inc.          :

v.          :

E & C Construction Company, Inc., et al.,    :
and State of Rhode Island          :

v.          :

Perini Corporation.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Piccoli & Sons, Inc.    :

v.        :

E & C Construction Company, Inc., et al., :
 and State of Rhode Island   :

v.        :

Perini Corporation.     :

Present:  Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**O P I N I O N**

 **Justice Indeglia, for the Court.**  The wheels of justice have moved at a glacial pace in this litigation, which stems from a dispute over monies allegedly owed to a now-defunct corporation for work performed as part of a construction project that took place in 1990.  The plaintiff, Piccoli & Sons, Inc. (Piccoli), instituted suit about twenty-two years ago.  Roughly seventeen years later, a justice of the Superior Court dismissed the action, finding that Piccoli could neither maintain the action in its own name nor substitute another entity as plaintiff.  This case came before the Supreme Court for oral argument on April 2, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After carefully considering the written and oral submissions of the parties, we are satisfied that this appeal may be resolved without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel[1]

On February 19, 1991, Piccoli filed a complaint against E & C Construction Company, Inc. (E & C) and its president, Laura Donatelli, alleging that E & C owed it $395,272.72 for construction work it had performed at the Adult Correctional Institutions (ACI) in Cranston. Piccoli asserted that, in 1990, it had contracted with E & C to perform excavation and general site work for an expansion of the intake center at the ACI. E & C was a subcontractor of Perini Corporation (Perini), the project's general contractor. Piccoli sought damages under several causes of action, including breach of contract, unjust enrichment, and fraudulent misrepresentation.

In an answer filed on April 12, 1991, defendants denied liability and raised several affirmative defenses. E & C asserted that Piccoli had executed a release of all claims against it and attached a copy of that release to its answer. E & C also lodged a third-party complaint against Perini, who it claimed had released E & C from any and all liability to Piccoli for work performed on the project.

On July 18, 1991, Piccoli amended its complaint, adding Perini and the State of Rhode Island (the state) as defendants. Piccoli's counsel averred that, after he filed the original complaint, he learned that Perini had not posted a bond for the project, as required by G.L. 1956 § 37-12-1. Piccoli's amended complaint contained several new counts against both Perini and the state based upon Perini's alleged failure to post a bond.

Several months later, on October 16, 1991, Piccoli was petitioned into receivership. Attorney Allan M. Shine was appointed as receiver. Thereafter, on April 28, 1992, Piccoli

---

[1] Due to the complexity and protracted history of this litigation, we omit portions of the facts and travel not relevant to our review.

moved to substitute Shine, in his capacity as receiver, as plaintiff in the litigation.  The record does not indicate whether this motion was granted or even considered, but several subsequent motions list "Allan M. Shine, Receiver for Piccoli & Sons, Inc." as plaintiff.

Discovery commenced, and by 1999, Perini was the sole remaining defendant.[2]  On February 19, 1999, Piccoli filed a pretrial memorandum of law.  Perini also filed a pretrial memorandum; although the docket sheet does not indicate this memorandum's filing date, a handwritten note indicates that the clerk's office received it on March 3, 1999.

Shortly thereafter, on March 10, 1999, Piccoli moved to amend its complaint by adding several additional counts against Perini.  Perini filed its objection thereto in open court on March 22, 1999.  The docket sheet does not indicate that a hearing took place on this date.  It also does not indicate whether the court ruled on Piccoli's motion to amend.  The case then sat dormant for approximately nine years.[3]

On May 8, 2008, Piccoli hand-delivered several filings to a justice of the Superior Court: (1) a pretrial memorandum; (2) a motion to amend its complaint; and (3) a motion to substitute party plaintiff.  None of these filings were docketed.  In its motion to substitute party plaintiff, Piccoli explained that, after it was petitioned into receivership, the receiver had assigned its claim against Perini to Citizens Bank.  Citizens Bank then sold that claim to Fifteenth RMA Partners, LP (Fifteenth RMA Partners), on or about August 22, 1996.  A third and final assignment then occurred, making Premier Capital, LLC (Premier Capital) the current holder of

---

[2] An order granting the state's motion for summary judgment was entered on October 30, 1996. Summary judgment entered in Donatelli's favor on June 15, 1998.  On February 9, 1999, Piccoli voluntarily dismissed its claims against E & C.

[3] It appears from the docket sheet that although control hearings were scheduled on two occasions in 2006, those hearings were continued.

Piccoli's claim against Perini. Piccoli therefore moved to substitute Premier Capital as party plaintiff.[4]

In response, Perini renewed its objection to Piccoli's motion to amend. Citing G.L. 1956 § 9-2-8, it also objected to Piccoli's motion to substitute. Section 9-2-8 provides as follows:

> "The assignee of a nonnegotiable chose in action which has been assigned in writing may maintain an action thereon in his or her own name, but subject to all defenses and rights of counterclaim, recoupment, or setoff to which the defendant would have been entitled had the action been brought in the name of the assignor."

Perini argued that, because the exhibits to Piccoli's motion to substitute—documents which purported to show the transfer of outstanding debts owed to Piccoli—did not constitute an assignment in writing, the court should deny that motion pursuant to § 9-2-8. Perini argued that, in the alternative, the case should be dismissed.

The case came before a justice of the Superior Court for a hearing on May 9, 2008.[5] At the outset, the hearing justice agreed with Piccoli's counsel that Piccoli's motion to substitute party plaintiff should be heard before its motion to amend. Piccoli reiterated the history of the litigation and the purported transfers of its claim against Perini. It argued that what had occurred was "a straightforward Uniform Commercial Code assignment of assets." It contended that, because the transferred assets were negotiable instruments, § 9-2-8 did not apply.

In response, Perini asserted that § 9-2-8 did, in fact, apply, and further that it operated to bar Piccoli from substituting Premier as party plaintiff. In the alternative, it argued that, if § 9-2-

---

[4] Although Piccoli did not identify a court rule under which its motion to substitute was made, Rule 25(c) of the Superior Court Rules of Civil Procedure ("Transfer of Interest") allows such a motion.

[5] In its brief to this Court, Piccoli states that the case file was not available during the hearing because the clerk's office was unable to locate it.

8 did not apply, the documents that Piccoli had submitted were "woefully short of anything * * * conclusive that [Premier] ha[d] been assigned this claim [against Perini]."

The hearing justice then examined the documents Piccoli had submitted in support of its motion to substitute. Those documents included: (1) a judgment and order dated December 16, 1993, discharging Shine as receiver for Piccoli and assigning to Citizens Trust Company and/or Citizens Savings Bank certain accounts receivable of Piccoli's for collection; (2) a loan purchase and sale agreement between Citizens Savings Bank/Citizens Trust Company and Fifteenth RMA Partners; and (3) a bill of sale and assignment of assets from Fifteenth RMA Partners to Premier Capital.

After reviewing these documents, the hearing justice noted that they did not appear to constitute an assignment of Piccoli's claim against Perini. He stated that this caused him "some difficulty" since § 9-2-8 requires assignments to be in writing. Finding that this statute did apply, the hearing justice commented that "it would seem to make sense [that] in order for someone to be substituted as a party * * * there has to be a chain of contact and a transfer of an authority from one entity to the other, and I just don't see it." Piccoli's counsel offered additional argument, but the hearing justice concluded that the documents did not show that Piccoli's claim against Perini had been transferred to Premier Capital. Accordingly, the hearing justice denied Piccoli's motion to substitute party plaintiff and granted Perini's motion to dismiss. After judgment was entered on July 14, 2009, Piccoli timely appealed to this Court.[6]

---

[6] Approximately fourteen months after the hearing on May 9, 2008, the hearing justice wrote to the parties to advise them that judgment had not entered since neither party had submitted an order to the court. Perini quickly rectified this oversight.

## II

## Issue on Appeal

The issue on appeal is whether the hearing justice erred in denying Piccoli's motion to substitute party plaintiff and granting Perini's motion to dismiss. Piccoli argues that the documents supporting its motion to substitute constituted a written assignment of its claim against Perini—first, from Piccoli to Citizens Bank; second, from Citizens Bank to Fifteenth RMA Partners; and finally, from Fifteenth RMA Partners to Premier Capital. Piccoli explained that, when it was petitioned into receivership, Citizens Bank (as one of Piccoli's creditors) was assigned all its receivables. Those receivables, Piccoli asserts, included any monies it might recover through this litigation. Piccoli urges us to reverse the Superior Court's decision so that Premier Capital can be substituted as party plaintiff and proceed against Perini. Perini counters that the documents submitted by Piccoli do not amount to an assignment in writing under § 9-2-8 because they are "woefully vague" and do not specifically acknowledge this claim.[7]

## III

## Standard of Review

"This Court reviews a trial justice's conclusions on questions of law de novo." Beacon Mutual Insurance Co. v. Spino Brothers, Inc., 11 A.3d 645, 649 (R.I. 2011) (citing International Brotherhood of Police Officers v. City of East Providence, 989 A.2d 106, 108 (R.I. 2010)). When interpreting statutes, our "ultimate goal" is effectuating the Legislature's intent, of which the "plain statutory language" is "the best indicator." McCain v. Town of North Providence, 41 A.3d 239, 243 (R.I. 2012) (quoting Webster v. Perrotta, 774 A.2d 68, 75 (R.I. 2001) and

---

[7] Raising an alternative ground for dismissal, Perini also contends that Piccoli executed a valid waiver in which it promised not to initiate legal action against it in connection with the ACI construction project. In light of our opinion as to the applicability of § 9-2-8, we need not reach this argument. See part IV, infra.

- 6 -

DeMarco v. Travelers Insurance Co., 26 A.3d 585, 616 (R.I. 2011)).  We "remain[ ] mindful of the longstanding principle that 'statutes should not be construed to achieve meaningless or absurd results.'"  Id. (quoting Ryan v. City of Providence, 11 A.3d 68, 71 (R.I. 2011)).  If we conclude that a statute is unambiguous, we shall apply it as written.  Id.

## IV

### Discussion

First, we must decide whether the trial justice erred in finding that § 9-2-8 applies to Piccoli's claim against Perini.  This statute allows "[t]he assignee of a nonnegotiable chose in action" to "maintain an action thereon in his or her own name" only when that chose in action "has been assigned in writing."  Section 9-2-8.  Piccoli contends that § 9-2-8 does not apply to its claim against Perini because what was assigned to Citizens Bank—and ultimately to Premier Capital—were negotiable instruments (to wit, promissory notes) secured by Piccoli's receivables.  It asserts that those receivables include any potential recovery from this lawsuit.[8]  However, the fact that this claim may serve as security for a negotiable instrument is immaterial.  Section 9-2-8 applies to this case because Piccoli's claim against Perini is a nonnegotiable "chose in action."  See Black's Law Dictionary 275 (9th ed. 2009) (defining "chose in action" as "[a] proprietary right in personam, such as a debt owed by another person" or "[t]he right to bring an action to recover a debt, money, or thing"); see also § 9-2-8.

Next, we consider whether the documents supporting Piccoli's motion to substitute satisfy § 9-2-8's requirement of a written assignment.  One of those documents is a judgment and order dated December 16, 1993, discharging Shine as receiver for Piccoli.  That document

---

[8] This assertion is unsupported by the evidence.  Furthermore, if Premier Capital could potentially stand to benefit from this lawsuit, we question why it has not sought to vindicate its rights by intervening in this action.

directs Shine "to assign to Citizens Trust Company and/or Citizens Savings Bank [Piccoli's] outstanding accounts receivable for collection, the claim with respect to a refund from the bonding company regarding Citizens' letter of credit, the claim regarding the cashing of a check with improper endorsement and the claim involving Dimeo Corp. * * *." Additionally, Piccoli submitted (1) a loan purchase and sale agreement between Citizens Bank and Fifteenth RMA Partners; and (2) a bill of sale and assignment of assets between Fifteenth RMA Partners and Premier Capital. Because none of these three documents refers to Piccoli's claim against Perini, these documents do not constitute a written assignment of that claim, as required by § 9-2-8. It should go without saying that a written assignment of a claim must identify the claim itself. We therefore affirm the trial justice's denial of Piccoli's motion to substitute.

Finally, we review the Superior Court's decision to dismiss the action. Piccoli was dissolved on December 16, 1993, pursuant to the Superior Court's order and judgment. Rule 17(a) of the Superior Court Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." A defunct corporation cannot be considered a "real party in interest" under that rule. When Piccoli was dissolved in 1993, state law provided that a dissolved corporation "nevertheless continues for two (2) years after the date of the dissolution * * * for the purpose of enabling it to settle and close its affairs, to dispose of and convey its property, to discharge its liabilities, and to distribute its assets * * *." See G.L. 1956 § 7-1.1-98.1 (current version at § 7-1.2-1325).[9] Under this statute, Piccoli had until late 1995 to wind up its affairs after dissolution. Its claim against Perini should have been resolved within this timeframe. As a defunct corporation, Piccoli can no longer maintain this action in its own

---

[9] The current version of this statute provides for a five-year wind-up period. See G.L. 1956 § 7-1.2-1325.

name, and because the receiver was discharged when Piccoli was dissolved, the receiver cannot maintain the action on its behalf.

At oral argument before this Court, Piccoli characterized this lawsuit as "in a coma," but denied that it was "dead." More than twenty-two years after Piccoli initiated suit, it is now time for us to take this case off life support. We hold that the Superior Court properly granted Perini's motion to dismiss.

# V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the record in this case.

Justice Robinson did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       Piccoli & Sons, Inc. v. E & C Construction Company, Inc., et al, and State of Rhode Island v. Perini Corporation.

**CASE NO:**              No. 2012-128-Appeal.
                          (KC 91-209)

**COURT:**                Supreme Court

**DATE OPINION FILED:**   April 25, 2013

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**WRITTEN BY:**           Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

                          Associate Justice Francis J. Darigan, Jr.

**ATTORNEYS ON APPEAL:**

                          For Plaintiff Piccoli & Sons, Inc.:  David DeStefano, Esq.

                          For Defendant Perini Corporation:  Richard S. Humphrey, Esq.