**Supreme Court**

No. 2015-209-Appeal.
No. 2015-227-Appeal.
(WC 14-180)

Mark Van Hoesen et al.          :

v.          :

Lloyd's of London, alias.          :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2015-209-Appeal.
No. 2015-227-Appeal.
(WC 14-180)

Mark Van Hoesen et al.       :

v.              :

Lloyd's of London, alias.       :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.** This case came before the Supreme Court on January 21, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. The plaintiffs, Mark and Pamela Van Hoesen, appeal from the grant of summary judgment in favor of the defendant, Certain Underwriters at Lloyd's of London, after Mr. Van Hoesen was injured in a fall after a deck railing gave way and he plummeted to the ground below.[1]

On appeal, plaintiffs argue that the hearing justice erred when she (1) failed to find that, as a matter of public policy, the terms of the contract insured the work of the building contractor who built the deck; and (2) failed to determine whether the terms of the insurance contract violated the statutory minimum for coverage requirements. Although prevailing below, Lloyd's

---

[1] This case was docketed in this Court as <u>Van Hoesen v. Certain Underwriters</u>. However, in the trial court it was docketed as <u>Van Hoesen v. Lloyd's of London</u>. For that reason, we have recaptioned this case. <u>See</u> Rule 12(b) of the Supreme Court Rules of Appellate Procedure ("An appeal shall be docketed under the title given to the action in the trial court with such addition as is necessary to indicate the identity of the appellant.").

filed a cross-appeal in which it argues that the hearing justice erred when she denied its motion for summary judgment on the basis that plaintiffs improperly substituted Lloyd's for the original defendant, Brian Leonard. After considering counsels' oral and written arguments, we are of the opinion that cause has not been shown and that this case can be decided without further briefing or argument. For the reasons given below, we affirm the judgment of the Superior Court.

**Facts and Travel**

The plaintiff, Mark Van Hoesen, was seriously injured when he fell from a deck on July 23, 2012. Two years later, Mr. Van Hoesen, along with his wife, Pamela, filed a complaint in Washington County Superior Court, alleging that a contractor, Brian Leonard, negligently constructed the deck.[2] When the constable returned the summons marked <u>non est inventus</u>, plaintiffs moved to substitute Leonard's insurer, Lloyd's of London.[3] The Superior Court granted the motion to substitute and plaintiffs filed an amended complaint, removing Leonard and naming Lloyd's as defendant.

Lloyd's filed an answer, admitting that it had issued the insurance policy in question and that the policy provided coverage to Leonard from March 8, 2007 until the policy was canceled on August 29, 2007. However, the carrier denied that the policy afforded coverage for plaintiffs' injuries because, even had it not been canceled, the policy, by its unambiguous terms, had expired long before the injuries alleged in plaintiffs' complaint occurred. Soon afterwards, defendant filed a motion for summary judgment, arguing that it did not insure Leonard "for Plaintiff's alleged accident and injuries, because [the policy] applies to bodily injury only if the

---

[2] The complaint also asserted a claim of loss of consortium on behalf of Mrs. Van Hoesen.

[3] General Laws 1956 § 27-7-2 says that "[a]n injured party * * * in his or her suit against the insured, shall not join the insurer as a defendant. If the officer serving any process against the insured shall return that process 'non est inventus', * * * the injured party * * * may proceed directly against the insurer." (Emphasis added.)

bodily injury occurs during the policy period, and there is no issue of material fact that Mark Van Hoesen's alleged bodily injury did not occur during the policy period." Specifically, defendant argued that the insurance policy it issued to Leonard was effective from March 8, 2007, to March 8, 2008, but that it had nonetheless canceled the policy on August 29, 2007, because the premiums had not been paid.

Lloyd's further argued that it was not properly named as a defendant to the lawsuit because plaintiffs had not made reasonable efforts to locate the original defendant, Leonard. Although G.L. 1956 § 27-7-2 allows an injured party to proceed directly against an insurer when the constable returns process non est inventus, defendant maintained that substitution was not proper in this case because plaintiffs failed to make a good faith effort to serve Leonard in that they made only a "single attempt at service at a vacant house by a constable who provide[d] no explanation as to why he believed Leonard resided at the vacant house."

The trial justice granted defendant's motion because "the undisputed evidence of the record indicates that there [was] no insurance policy that covers this particular claim * * *." Specifically, she said that she was "not at all persuaded that the General Assembly intended or requires that the insurance company be responsible for something beyond what it contracted for" and that the court could not "require or interpret an insurance company as providing more than what has been contractually entered into between the parties." As to defendant's alternative basis for summary judgment, based on plaintiffs' alleged meager efforts to locate and serve process upon the original defendant, she found that this was within the province of the jury and therefore not appropriate for summary judgment. She denied the motion on that basis.

**Standard of Review**

We review a grant of summary judgment <u>de</u> <u>novo</u>. <u>Sullo v. Greenberg</u>, 68 A.3d 404, 406 (R.I. 2013). In doing so, we "examin[e] the case from the vantage point of the trial justice who passed on the motion for summary judgment, '* * * view[ing] the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." <u>Id.</u> at 406-07 (quoting <u>Sacco v. Cranston School Department</u>, 53 A.3d 147, 150 (R.I. 2012)). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" <u>Id.</u> (quoting <u>Mutual Development Corp. v. Ward Fisher & Co.</u>, 47 A.3d 319, 323 (R.I. 2012)).

"It is well settled that, when examining an insurance policy, this Court applies the rules for construction of contracts." <u>Allstate Insurance Co. v. Ahlquist</u>, 59 A.3d 95, 98 (R.I. 2013) (citing <u>New London County Mutual Insurance Co. v. Fontaine</u>, 45 A.3d 551, 557 (R.I. 2012)). "[W]e shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." <u>Id.</u> (quoting <u>Beacon Mutual Insurance Co. v. Spino Brothers, Inc.</u>, 11 A.3d 645, 649 (R.I. 2011)). In doing so, "[w]e confine our analysis to the four corners of the policy, viewing it 'in its entirety, affording its terms their plain, ordinary and usual meaning.'" <u>Id.</u> (quoting <u>Casco Indemnity Co. v. Gonsalves</u>, 839 A.2d 546, 548 (R.I. 2004)). "Furthermore, '[w]e refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present.'" <u>Id.</u> (quoting <u>Beacon Mutual Insurance Co.</u>, 11 A.3d at 649).

**Analysis**

On appeal, plaintiffs argue that the trial justice erred in granting summary judgment in favor of defendant. They assert that she failed to account for public policy considerations when she granted summary judgment because the terms of the insurance policy inadequately insured Leonard's construction of the deck. In its cross-appeal, defendant challenges the denial of its motion for summary judgment on the alternative basis that plaintiffs did not make reasonable efforts to locate Leonard as required by § 27-7-2.

Because we are of the opinion that it is dispositive, we will address plaintiffs' public policy argument first. The plaintiffs argue that, notwithstanding the plain language in the policy that would exclude any claim arising from Leonard's negligence from coverage, the policy, if enforced as written, would contravene "both the letter and the spirit" of G.L. 1956 § 5-65-7(a), which requires that

> "Throughout the period of registration, the contractor shall have in effect public liability and property damage insurance covering the work of that contractor which shall be subject to this chapter in not less than the following amount: five hundred thousand dollars ($500,000) combined single limit, bodily injury and property damage."

The plaintiffs argue that, because the policy issued to Leonard covered only injuries that occurred while the policy was in force, and because Lloyd's canceled the policy a few weeks after Leonard finished constructing the deck, the net result was that the policy provided almost no coverage at all, and certainly none to them. The statutorily mandated coverage is rendered a nullity, they argue, if coverage can be terminated in the immediate aftermath of the work. Creative as this argument may be, we are unconvinced as to its merits.

By its plain language, § 5-65-7 provides that the contractor is required to carry insurance "[t]hroughout the period of registration." The statute imposes no duty whatsoever on any insurer

- 5 -

to provide continuing coverage after the policy period has expired. Indeed, chapter 65 of title 5 provides for penalties against contractors who fail to maintain insurance, but not against an insurer who cancels policy coverage. For example, § 5-65-7(c) provides that "[f]ailure to maintain insurance shall invalidate registration and may result in a fine to the registrant;" § 5-65-10(a)(2) provides that the Contractors' Registration and Licensing Board "may revoke, suspend, or refuse to issue, reinstate, or reissue a certificate of registration if the board or commission determines * * * [t]hat the insurance required by § 5-65-7 is not currently in effect;" and, both § 5-65-10(b) and § 5-65-10(c) provide that a contractor who fails to maintain insurance may be subject to an injunction or fine. We see nothing in either the letter or the spirit of the law that would require an insurer to provide coverage after the contractual period has expired, or, as is the case here, when a contractor fails to honor his obligations under the policy.

The plaintiffs' efforts to draw analogies to statutes and case law regarding uninsured motorists coverage under automobile insurance policies is also unpersuasive. In short, plaintiffs argue that their predicament is akin to that of a victim in an accident involving an uninsured motorist, because Mr. Van Hoesen's injuries were caused by an uninsured tortfeasor. However, unlike the uninsured motorist statute, § 27-7-2.1, which mandates the uninsured motorist coverage be offered to an insured, the insurance mandate in § 5-65-7 requires that the contractor procure insurance as a means of providing protection to the public. It is clear to us that the uninsured motorist statute imposes a duty on a policy holder's own insurer to provide coverage for injuries caused by an uninsured motorist. Indeed, we have noted that the uninsured motorist provision "provides coverage where the tortfeasor causing the accident does not have liability insurance, and thus the insured who has been injured is <u>compensated by his or her own insurance company</u>." <u>VanMarter v. Royal Indemnity Co</u>., 556 A.2d 41, 43 (R.I. 1989) (emphasis added).

When it enacted that legislation, the General Assembly "deemed it advisable in the public interest to require insurance carriers authorized to do business in this state to provide protection against the negligent operation of uninsured automobiles in favor of those motorists who voluntarily contract with licensed carriers for liability coverage in the interests of the public generally." Allstate Insurance Co. v. Fusco, 110 R.I. 350, 355-56, 223 A.2d 447, 450 (1966).

By contrast, § 5-65-7 requires only that contractors maintain certain insurance; it imposes no duty on the insurance company to provide coverage for bodily injuries that might happen outside the policy period. If this Court were to hold as plaintiffs ask, the result would be that insurers would have ongoing liability for injuries to third parties long after the contractual relationship with the insured has ended. The General Assembly has enacted no such scheme.

The insurance contract at issue here required that Lloyd's provide insurance coverage and that Leonard would pay a premium for that coverage. When he failed to do so, Lloyd's, exercising its contractual rights, canceled the policy. And, even if that cancellation had not occurred, the relevant portion of the policy pertaining to coverage for bodily injury and property damage liability, says that

> "1. Insuring Agreement
>
>> "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.
>>
>> "* * *
>>
>> "b. This insurance applies to 'bodily injury' and 'property damage' only if:
>>
>> "* * *
>>
>>> "(2) The 'bodily injury' or 'property damage' <u>occurs during the policy period.</u>" (Emphasis added.)

The plaintiffs argue that in order to carry out the aims of § 5-65-7, the policy should cover their claims because the triggering event that caused Mr. Van Hoesen's bodily injury was Leonard's faulty workmanship, which occurred during the policy period. However, we conclude from the terms of the contract, that for the plaintiffs' claims to be covered, the "bodily injury" must also have occurred during the policy period. We have said that, "[w]hen a court is called upon to interpret the terms of an insurance policy, which is essentially a contract between the insurance company and its insured, effect must be given to the plain, ordinary meaning of the language employed." Mullins v. Federal Dairy Co., 568 A.2d 759, 762 (R.I. 1990). For that reason, the Superior Court correctly granted the defendant's motion for summary judgment. Because the Superior Court was correct in granting summary judgment, that disposes of this case. We need not, and do not, reach the other arguments raised by the parties in the appeal and cross-appeal.

### Conclusion

For the reasons set forth in this opinion, the decision of the Superior Court is affirmed. The record may be remanded to that court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Mark Van Hoesen et al. v. Lloyd's of London, alias.

**CASE NO:**    No. 2015-209-Appeal.
No. 2015-227-Appeal.
(WC 14-180)

**COURT:**    Supreme Court

**DATE OPINION FILED:**  March 24, 2016

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Washington County Superior Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

    For Plaintiffs:  James E. Kelleher, Esq.

    For Defendant:  James T. Huggard, Esq.
                    Thomas B. Farrey, III, Esq.