June 4, 2019

Bacon Construction Co., Inc.          :

v.                                    :

Arbella Protection Insurance Company, :
                Inc.

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island,
250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Bacon Construction Co., Inc.          :

v.                    :

Arbella Protection Insurance Company,    :
Inc.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on January 17, 2019, on appeal from a grant of summary judgment in favor of the defendant, Arbella Protection Insurance Company, Inc. (Arbella or defendant).  The plaintiff, Bacon Construction Co., Inc. (Bacon or plaintiff), challenges the findings of a Superior Court justice that Arbella is not contractually obligated to provide insurance coverage to Bacon, which is listed as an additional insured on the insurance policy at issue.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

The material facts in this case are not in dispute.  Bacon, having been hired as the general contractor for a construction project at the University of Rhode Island (the construction project), subcontracted with U.S. Drywall (U.S. Drywall or the insured) for structural work on the project. Pursuant to the subcontract agreement (the subcontract), U.S. Drywall was required to obtain a general liability insurance policy that listed Bacon as an additional insured.  U.S. Drywall complied with this requirement by purchasing a commercial general liability insurance policy

- 1 -

from Arbella (the Arbella policy), which included an endorsement naming Bacon as an additional insured. The Arbella policy itself provided for defense and indemnification costs to U.S. Drywall for its work on the project.

On December 12, 2014, an employee of U.S. Drywall, Thiago Almeida (Almeida), while performing work at the construction project site, sustained severe injuries when he slipped on ice and fell down a staircase. On June 25, 2015, Almeida filed a complaint (the Almeida complaint) in Superior Court against Bacon, alleging that Bacon's negligent acts were the proximate cause of his injuries (the Almeida action). Notably, although the Almeida complaint averred that he was performing work in accordance with the subcontract, it contained no allegations of negligence against his employer, U.S. Drywall.[1]

In response to Almeida's claims, Bacon initially filed a third-party complaint against U.S. Drywall, asserting that U.S. Drywall was contractually obligated to defend and indemnify Bacon; and, in an amended third-party complaint, Bacon included a claim for breach of contract against U.S. Drywall. However, on June 27, 2017, Bacon made what it characterized as "a strategic legal decision" to dismiss all claims in the suit, with prejudice, including those against U.S. Drywall.[2]

Concomitantly, Bacon sought to recover indemnity and defense costs from U.S. Drywall's commercial general liability insurer, defendant, Arbella. Bacon alleged that, because the Arbella policy named Bacon as an additional insured, Bacon is entitled to indemnification.

---

[1] The record reflects that Almeida collected workers' compensation benefits from U.S. Drywall's workers' compensation insurer.

[2] The hearing justice noted that Bacon "independently reached a settlement agreement with Mr. Almeida that resulted in the dismissal of Mr. Almeida's lawsuit. Additionally, Bacon voluntarily dismissed with prejudice all of its third-party claims against U.S. Drywall in the underlying action."

Arbella, however, took the position that, "based on the additional insured endorsements, Bacon would be an additional insured only with respect to liability for bodily injury caused by our insured acts or omissions." The additional insured endorsement that is contained within the Arbella policy forms the foundation of this appeal.

On May 13, 2016, Bacon filed the present action seeking a declaratory judgment that Arbella is contractually obligated to indemnify and defend Bacon as an additional insured relative to the Almeida action. Bacon subsequently moved for summary judgment, arguing that, pursuant to the unambiguous provisions of the Arbella policy, Bacon, as an additional insured, is afforded the same coverage as U.S. Drywall. Arbella filed an objection, along with a cross-motion for summary judgment, countering that Arbella had no duty to defend or indemnify Bacon as an additional insured because the allegations against Bacon in the Almeida complaint fell outside the scope of coverage provided by the Arbella policy. Arbella asserted that Bacon is entitled to coverage only for liability caused by U.S. Drywall's acts or omissions; and, according to Arbella, because the Almeida complaint alleges negligence solely against Bacon, Arbella is not required to provide coverage with respect to the Almeida action.

On July 26, 2017, the Superior Court justice heard arguments on both motions and issued a bench decision in which she determined that the Arbella policy is clear and limits additional insured coverage to "that which was due, at least in part, to U.S. Drywall's negligence." The hearing justice further explicated that, after "looking at the original complaint that contains only allegations against Bacon only for Bacon's own negligence[,]" as well as "the insurance policy language, and the fact that there is nothing here to suggest that any of these actions could have been attributed to U.S. Drywall, [she did] not believe the facts as presented would trigger the additional insured coverage clause[.]" Arbella's cross-motion for summary judgment was

granted, and Bacon's motion for summary judgment was denied. Judgment entered in favor of Arbella on September 1, 2017. Bacon timely appealed.

**Standard of Review**

It is well settled that "[t]his Court reviews *de novo* a trial justice's decision granting summary judgment." *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012) (quoting *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009)). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." *Id.* (quoting *National Refrigeration, Inc. v. Standen Contracting Company, Inc.*, 942 A.2d 968, 971 (R.I. 2008)).

Additionally, "[w]hether an ambiguity exists in an insurance policy is a question of law[.]" *Merrimack Mutual Fire Insurance Company v. Dufault*, 958 A.2d 620, 625 (R.I. 2008). "This Court reviews a trial justice's conclusions on questions of law *de novo*." *Beacon Mutual Insurance Company v. Spino Brothers, Inc.*, 11 A.3d 645, 649 (R.I. 2011). "Accordingly, we review a trial justice's interpretation of a contract *de novo*." *Id.*

**Analysis**

Before this Court, Bacon contends that the Superior Court erred in denying its motion for summary judgment and granting Arbella's cross-motion for summary judgment because, according to Bacon, it is entitled to additional insured coverage under the Arbella policy. Specifically, Bacon argues that the hearing justice erred by: (1) ruling that Bacon is not afforded additional insured coverage under a plain-language reading of the endorsement; (2) ruling that the endorsement includes a negligence trigger; (3) conflating the U.S. Drywall-Bacon

- 4 -

subcontract and the Arbella policy analyses;[3] and (4) ruling that, based on the allegations contained within the Almeida complaint, Arbella does not have a duty to defend Bacon.

## Entitlement to Additional Insured Coverage

We first address Bacon's argument that, according to the plain language of the additional insured endorsement, Bacon is entitled to coverage. We disagree with this contention. The policy's additional insured endorsement reads in pertinent part:

> "**Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement, executed prior to an 'occurrence', that such person or organization be added as an additional insured on your policy. Such person or organization *is an additional insured only with respect to liability* for 'bodily injury'; 'property damage' or 'personal and advertising injury' *caused, in whole or in part, by:*
> > "*1. Your acts or omissions; or*
> > "*2. The acts or omissions of those acting on your behalf*;
>
> in the performance of your ongoing operations for the additional insured." (Emphasis added.)

In addition, the Arbella policy clearly provides that the terms "you" and "your," as used throughout the policy, exclusively refer to the named insured, U.S. Drywall. The additional insured endorsement lists Bacon as an additional insured and not as the named insured.[4]

---

[3] We need not reach this issue because we are satisfied that the indemnification clause contained within the U.S. Drywall-Bacon subcontract—which is an entirely separate agreement and not challenged on appeal—is irrelevant to this analysis. Moreover, the subcontract has no bearing on U.S. Drywall's obligation, if any, to indemnify and defend Bacon because, as agreed upon by both parties, the subcontract's indemnity provision is clear and unambiguous and is fault-based. Thus, given Bacon's voluntary dismissal of all its claims against U.S. Drywall, there can be no requisite finding of fault on the part of U.S. Drywall that would trigger these contractual obligations.

[4] As the hearing justice determined:

"It is well established that this Court applies the rules for construction of contracts when interpreting an insurance policy and that we shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." *Lynch*, 965 A.2d at 425 (brackets omitted) (quoting *Mallane v. Holyoke Mutual Insurance Company in Salem*, 658 A.2d 18, 20 (R.I. 1995)). In order to determine whether the terms of a policy are ambiguous, "we read a policy in its entirety, giving words their plain, ordinary, and usual meaning." *Peloquin v. Haven Health Center of Greenville, LLC*, 61 A.3d 419, 431 (R.I. 2013) (quoting *Sjogren v. Metropolitan Property and Casualty Insurance Company*, 703 A.2d 608, 610 (R.I. 1997)).

Based on our review of the Arbella policy, we are satisfied that the clear and unambiguous additional insured endorsement provision contains limiting, fault-based language; thereby restricting Bacon's entitlement to coverage to those situations where liability is attributable, at least in part, to the negligence of U.S. Drywall, the named insured.

Initially, we note that the endorsement contains a significant limitation on the availability of coverage. As expressly provided by the endorsement, "[s]uch person or organization is an additional insured *only with respect to* liability for 'bodily injury' * * * *caused, in whole or in part*, by: (1) Your [U.S. Drywall's] acts or omissions; or (2) The acts or omissions of those acting on your [U.S. Drywall's] behalf[.]" (Emphasis added.) Thus, pursuant to this unambiguous language, whether Bacon is entitled to coverage as an additional insured is restricted to those situations where liability is caused by U.S. Drywall's acts or omissions.

---

"the policy's initial declaration that the words 'you' and 'your' would only refer to the named insured, the additional insured endorsement, in this [c]ourt's opinion, used the pronouns 'you' and 'your' only in reference to the named insured. * * * In fact, the endorsement specifically referred to the additional insured only using that term, 'additional insured' or 'such person or organization.'"

Bacon next contends that, contrary to the hearing justice's determination, the additional insured endorsement does not contain a negligence trigger. Bacon points out that the endorsement does not include the term "negligence" and, therefore argues that, under the "plain, ordinary, and usual" interpretation of the policy, additional insured coverage is triggered irrespective of negligence. Bacon contends that, despite the inclusion of the phrase "caused, in whole or in part," dictionaries "do not define or imply negligence as a requisite aspect of 'cause.'" Thus, Bacon asserts that an additional insured need only show that the complainant was injured while acting in the course of employment. Lastly, Bacon asserts that, because the endorsement utilizes broad "in whole or in part" language and Almeida was injured while working for U.S. Drywall, which itself was working on behalf of Bacon, Arbella is obligated to provide coverage. We reject these contentions.

We are satisfied that the endorsement is fault-based, and expressly provides that coverage as an additional insured is limited to "liability for 'bodily injury' * * * caused, in whole or in part, by" the acts or omissions of U.S. Drywall or its agents. Thus, the endorsement, by including the terms "liability" and "bodily injury caused by" one's acts or omissions, includes a negligence trigger. The fault-based nature of the endorsement is further evinced by the fact that there must be a showing as to how the named insured's acts or omissions caused the bodily injury at issue.

Were this Court to accept Bacon's interpretation of the policy, Bacon would be entitled to greater coverage than U.S. Drywall, the named insured, because the Arbella policy explicitly excludes from coverage U.S. Drywall's liability for "bodily injury" to one of its employees. Thus, it is our conclusion that the endorsement is fault-based, meaning that additional insured protection is limited to that which was due, at least in part, to U.S. Drywall's acts or omissions.

- 7 -

Having concluded that the endorsement is fault-based, we are of the opinion that Bacon was entitled to additional insured coverage only upon a showing of fault attributable to U.S. Drywall or its agents. Bacon's voluntary dismissal of all claims against U.S. Drywall and its settlement with Almeida preclude any finding of U.S. Drywall's negligence to trigger this contractual obligation. Accordingly, we hold that Bacon is not entitled to coverage from Arbella under its policy with U.S. Drywall for claims alleging Bacon's exclusive negligence.

## Duty to Defend

Bacon also contends that the Superior Court justice erred in ruling that Arbella did not have a duty to defend Bacon based on her finding that the allegations contained within the Almeida complaint did not fall within the risk covered by the Arbella policy. We disagree.

"It is well settled in Rhode Island that the 'pleadings test' is applied in order to ascertain whether an insurer has a duty to defend an insured." *Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P.*, 115 A.3d 998, 1003 (R.I. 2015). "That test requires the trial court to look at the allegations contained in the complaint, and 'if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff.'" *Progressive Casualty Insurance Company v. Narragansett Auto Sales*, 764 A.2d 722, 724 (R.I. 2001) (quoting *Peerless Insurance Co. v. Viegas*, 667 A.2d 785, 787 (R.I. 1995)). Moreover, "when a complaint contains a statement of facts which bring the case within or potentially within the risk coverage of the policy, the insurer has an unequivocal duty to defend." *Medical Malpractice Joint Underwriting Association of Rhode Island*, 115 A.3d at 1004 (quoting *Employers' Fire Insurance Company v. Beals*, 103 R.I. 623, 632, 240 A.2d 397, 403 (1968)).

- 8 -

Relying on the "pleadings test," Bacon contends that Arbella had a duty to defend Bacon because the allegations in the Almeida complaint are "potentially" within the risk covered by the Arbella policy. The Almeida complaint alleges negligence exclusively against Bacon. Yet, Bacon maintains that the factual allegations in the Almeida complaint are "unequivocally associated with U.S. Drywall's work at the [p]roject for Bacon" because Almeida, its employee, "would not have suffered his alleged injuries at the [p]roject were it not for U.S. Drywall's work on behalf of Bacon[.]" Bacon further asserts that, based on Almeida's allegations that he slipped on ice while working at the construction project site, "there is a clear potential jury verdict that apportions some contributory negligence to Mr. Almeida for the incident, which is within the risk covered by the Arbella [p]olicy."

After a review of the language of the insurance policy and the factual allegations contained in the Almeida complaint, the hearing justice determined that the Almeida complaint contains only allegations against Bacon for Bacon's own negligence. The hearing justice noted that "it could be a different story had that complaint against U.S. Drywall not been dismissed[,]" but, nonetheless, concluded that the facts, as presented, do not trigger the additional insured coverage clause. Accordingly, she granted summary judgment in favor of Arbella. We agree with this reasoning.

As discussed, the Arbella policy provides additional insured coverage only with respect to liability for injuries that were caused, at least in part, by U.S. Drywall's negligence, and there are no allegations in the Almeida complaint that U.S. Drywall's acts or omissions caused Almeida's injury. The fact that Bacon voluntarily dismissed, with prejudice, all claims against U.S. Drywall and reached a settlement agreement with Almeida is fatal because these actions extinguished any vicarious-liability claims that Bacon could have raised. As such, we conclude

that the Almeida complaint is devoid of any allegations that bring the underlying case "within or potentially within the risk coverage of the policy[.]" *Beals*, 103 R.I. at 632, 240 A.2d at 403. It is our opinion, therefore, that Arbella has no duty to defend Bacon in the Almeida action.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court granting summary judgment in favor of the defendant. The record shall be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Bacon Construction Co., Inc. v. Arbella Protection Insurance Company, Inc. |
| **Case Number** | No. 2017-350-Appeal. (PC 16-2169) |
| **Date Opinion Filed** | June 4, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff: Peter H. Carroll, Esq. |
| | For Defendant: Lisa M. DeMari, Esq. |